IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOE W. ADAMS**,

                  **Petitioner**,

      v.                                      CASE NO. 21-3226-SAC

**JEFF BUTLER**,

                  **Respondent**.

## MEMORANDUM AND ORDER

    This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner, who is proceeding pro se, has named as Respondent the State of Kansas. Jeff Butler, the current Warden at El Dorado Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Rules of Federal Civil Procedure. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

    The State of Kansas charged Petitioner in Sedgwick County District Court with premeditated first-degree murder, aggravated robbery, felony theft, forgery, and misdemeanor theft. *State v. Adams*, 311 Kan. 569, 570 (2020). Early in the proceedings, Petitioner requested to proceed pro se and the district court granted the request. *Id.* at 570-71. In accordance with a plea agreement he negotiated, Petitioner ultimately pled guilty as charged. *Id.* at 571-72. Before sentencing, the district court granted Petitioner's request and reappointed the attorney who

represented Petitioner before he proceeded pro se. *Id.* at 572. The district court sentenced Petitioner in accordance with the plea agreement to life without the possibility of parole for 50 years, also known as "a hard 50." (Doc. 1.)

Petitioner pursued a direct appeal, during which he filed in the district court a motion to withdraw his plea; the district court denied the motion due to the ongoing appeal. *Adams*, 311 Kan. at 572. After the direct appeal concluded, Petitioner filed a motion under K.S.A. 60-1507 and a second motion to withdraw his plea. *Id.* He argued that his plea was involuntary because, at the time, he was suffering from paranoid schizophrenia and was not medicated. *Id.* Petitioner asserted that during the time he represented himself, he acted irrationally and he heard voices telling him what to do. *Id.* He also argued that counsel was ineffective for failing to raise the issue of his mental health and have him evaluated. *Id.*

The district court appointed new counsel and held a non-evidentiary hearing on the motions, after which the district judge—who had also presided over Petitioner's criminal proceedings—denied both motions. *Id.* at 573. Petitioner appealed and, on June 12, 2020, the Kansas Supreme Court issued an opinion affirming the denial, holding that Petitioner "has not met his burden to show the manifest injustice necessary to overturn the district court's ruling and allow [him] to withdraw his plea or that his counsel was ineffective." *Id.* at 570.

In his § 2254 petition, Petitioner asserts two grounds for relief, both of which the Kansas Supreme Court resolved against him. In Ground One, he contends that the district court should have held an evidentiary hearing on his motion to withdraw plea and that

the district court erred in declining to do so and in denying the motion. (Doc. 1, p. 5.) In Ground Two, he asserts that he received ineffective assistance of counsel when counsel knew about Petitioner's mental health issues, allowed him to plead guilty, and did not insist on a mental health evaluation. *Id.* at 6.

The Court has examined Petitioner's the petition (Doc. 1) and finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ should not be granted.
2. That the response should present:
   a. The necessity for an evidentiary hearing on each of the grounds alleged in Petitioner's pleading; and
   b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct

appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

3. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that the clerk will modify the docket to reflect that Jeff Butler is substituted as respondent in this action.

**IT IS SO ORDERED.**

DATED: This 20th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge