IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOE W. ADAMS,

                      **Petitioner,**

        v.                                    CASE NO. 21-3226-SAC

**JEFF BUTLER**,

                      **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's motion to appoint counsel. (Doc. 2.)

As Petitioner acknowledges, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Petitioner offers the following reasons in support of his request: (1) he is currently incarcerated and unemployed; (2) he lacks the financial resources to independently retain counsel; (3) his petition addresses a time-sensitive matter; (4) he suffers from schizophrenia. (Doc. 2, p. 3.)

At this early stage in the proceedings[1], the Court concludes that it is not in the interest of justice to appoint counsel. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Petitioner has ably articulated his habeas claims, which do not appear to need additional investigation at this time, and which are not of unusual complexity. Moreover, the Court has ordered Respondent to show cause why the writ should not be granted. (Doc. 3.)

**IT IS THEREFORE ORDERED** that Petitioner's motion for appointment of counsel (Doc. 2) is **denied.**

**IT IS SO ORDERED.**

DATED: This 7th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[1] If this action develops in a way that requires counsel to be appointed, the Court may do so at a later date. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.