**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BOE W. ADAMS,**

                **Petitioner,**

        v.                                                **CASE NO. 21-3226-SAC**

**JEFF BUTLER,**

                **Respondent.**

## MEMORANDUM AND ORDER

Petitioner Boe W. Adams initiated this matter on September 16, 2021, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On September 20, 2021, the Court directed Respondent Jeff Butler to show cause why the writ should not be granted. (Doc. 3.) Respondent filed a motion to dismiss on February 15, 2022, arguing that this matter was untimely filed. (Doc. 13.) The Court set a briefing schedule and, after receiving and reviewing Petitioner's response (Doc. 16) and Respondent's reply (Doc. 19), concluded that this matter is time-barred. Thus, on April 12, 2022, the Court issued a memorandum and order explaining its reasoning, dismissing the matter as time-barred, and declining to issue a certificate of appealability. (Doc. 20.)

Petitioner filed a notice of appeal to the Tenth Circuit. (Doc. 22.) The Tenth Circuit docketed the appeal and assigned Appeal No. 22-3802. (Doc. 24.) This matter now comes before this Court on Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Doc. 25), in which he also asks for appointment of counsel.

"'To qualify for [IFP] status, a petitioner must show "a

financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."'" *Drennan v. Pryor*, 662 Fed. Appx. 565, 570 (10th Cir. 2016) (citations omitted). To proceed IFP on appeal, Petitioner must file an affidavit[1] and must "submit a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Although Petitioner's motion to proceed *in forma pauperis* (IFP) states his approximate monthly income and asserts he cannot pay the filing fee for his appeal, he has not submitted the required trust fund account statement or institutional equivalent. Thus, the Court will deny his motion to proceed on appeal IFP without prejudice. Petitioner may resubmit the motion with the required financial information, at which time the Court will consider the request.

Petitioner also requests the appointment of counsel to assist him on appeal. As Petitioner is aware, he has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is

---

[1] The affidavit must "include a statement of all assets such prisoner possesses that the person is unable to pay such fees . . . [and] shall state the nature of the . . . appeal and affiant's belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1).

sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Petitioner asserts that he needs counsel due to "[his] Mental Health status and inadequate legal access to correct info[rmation]." (Doc. 25.) As the Court explained when denying Petitioner's previous motions to appoint counsel, the limited issue at hand is the timeliness of this action. (Doc. 20, p. 4.) Petitioner has ably presented his timeliness arguments thus far and the Court concludes that the interests of justice do not require the appointment of counsel at this time. Thus, the request for counsel is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Doc. 25) is **denied without prejudice**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 12th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge